USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9-29-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEMELYAN SHIPKEVICH,

                Plaintiff,

v.

THE NEW YORK AND PRESBYTERIAN HOSPITAL and 1119 SEIU UNITED HEALTHCARE WORKERS EAST,

                Defendants.

No. 16-CV-9630 (RA)

MEMORANDUM OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

    Plaintiff Yemelyan Shipkevich brings this action against his employer, The New York and Presbyterian Hospital ("the Hospital") and the union to which he belongs, 1199 SEIU United Healthcare Workers East ("1199"). He alleges that the Hospital discriminated and retaliated against him by "repeatedly denying him promotions; failing to pay owed bonus compensation; denying vacation and certain training in retaliation for [his] complaints of discrimination; increasing [his] workload and issuing written warnings in retaliation for his complaints of discrimination." Complaint ¶ 2. He alleges that 1199 aided and abetted the Hospital's discrimination and retaliation by "failing to take action to remedy [his] complaints of discrimination; and failing to properly follow the grievance procedure." *Id*. In June 2018, the Court dismissed several of Plaintiff's claims. Dkt. 70. On December 4, 2019, both Defendants moved for summary judgment on all claims that remained. Dkt 118, Dkt. 124. On March 28, 2020, Plaintiff filed his opposition. Dkt 145.

    The Court assumes the parties' familiarity with the facts. Before the Court is Magistrate Judge Aaron's exceedingly thorough and well-reasoned Report and Recommendation

("Report"), dated July 22, 2020, recommending the Court grant in part and deny in part Defendants' motions. Specifically, the Report recommends that:

> 1) Plaintiff's ADEA claims and age-based NYCHRL claims should be dismissed;
> 2) Plaintiff's race and national origin claims under Title VII, Section 1981 and the NYSHRL should be dismissed, except for his claims based upon his workload;
> 3) Plaintiff's race and national origin claims under Title VII, Section 1981 and the NYSHRL based upon his workload should proceed to trial;
> 4) Plaintiff's retaliation claims under Title VII, Section 1981 and the NYSHRL should proceed to trial;
> 5) Plaintiff's race and national origin-based claims for discrimination, together with his retaliation claims, under the NYCHRL should proceed to trial; and
> 6) Plaintiff's claims against 1199 be dismissed.

Rpt. at 49–50 (Dkt. 173).[1]

On August 5, 2020 Defendants each filed objections to the Report. Dkt. 175; Dkt 176. On August 19, 2020, Plaintiff filed his own objections to the Report. Dkt 179. After reviewing the Report and each party's objections, the Court adopts the Report in its entirety. Accordingly, Defendant 1199's motion for summary judgment is granted in full and Defendant Hospital's motion for summary judgment is granted in part and denied in part.

## LEGAL STANDARDS

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are

---

[1] This memorandum opinion uses the following citations: "Rpt." for Judge Aaron's Report; "Pl. Obj." for Plaintiff's objections to the report, "Hospital Obj." for Defendant Hospital's objections to the Report, "1199 Obj." for Defendant 1199's objections to the Report, "Hospital MSJ" for Defendant Hospital's underlying memorandum in support of its motion for summary judgment, "Pl. Opp." for Plaintiff's underlying opposition brief to the motions for summary judgment; "Hospital Reply" for Defendant Hospital's reply brief to Plaintiff's underlying opposition brief, and "1199 Reply" for Defendant 1199's reply brief to Plaintiff's underlying opposition brief.

not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also Thomas v. Arn,* 474 U.S. 140, 150–53 (1985). A court will review de novo those portions of a report to which the parties file "timely and specific" objections. *Parks v. Commissioner of Social Security*, 15-CV-6470 (ER), 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also* 28 U.S.C. § 636(b)(1)(C). But "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS)(JCF), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). If a party raises a new legal argument for the first time in its objection, it is within a court's discretion to address or ignore the argument. *Parks,* 2017 WL 3016946, at *3 (considering the following six factors to determine whether to consider a newly raised argument: "(1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered").

## DISCUSSION

Each party raises numerous objections to the Report, objecting to nearly each of Judge Aaron's findings. The Court addresses—and rejects—each in turn.

**I.      Plaintiff's Claims of Age-Based Discrimination under Federal, State, and City Law**

The Report recommends that summary judgment be granted on all of Plaintiff's age-based claims of discrimination due to lack of evidence. Rpt. at 46; *see also* Rpt. at 31. No party has objected to this finding, so the Court will review it for clear error.

To sustain a claim of age-based discrimination under the ADEA and NYSHRL, a Plaintiff must prove that "age was the 'but-for' cause of [a] challenged adverse employment action." *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 180 (2009) (ADEA); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (NYSHRL). NYCHRL requires "that a plaintiff prove that age was 'a motivating factor' for an adverse employment action." *Weiss v. JPMorgan Chase & Co.*, 06-CV-4402 (DLC), 2010 WL 114248, at *1 (S.D.N.Y., Jan. 13, 2010). Here, as Judge Aaron found, "the record does not support that the Hospital took any adverse actions against [Plaintiff] due to his age." Rpt. at 46. Although Plaintiff has identified several stray remarks made by colleagues about his age, *see* Pl. Opp. at 8, he has failed to connect those statements to any decisions made about his employment. Judge Aaron's finding was not clearly erroneous; summary judgment is warranted on all claims of age-based discrimination.

**II.     Plaintiff's Claims of Race and National Origin-Based Discrimination under Federal and State Law, Based Upon His Workload**

The Report recommends that the Court deny summary judgment on Plaintiff's federal and state law claims of race and national origin discrimination as evidenced by his increased workload. Rpt. at 32. Defendant Hospital has raised numerous objections to this finding. Hospital Obj. 3–6.

The majority of these objections do not warrant de novo review. For example, several objections "simply reiterate[] the [Hospital's] original arguments." *Alam*, 2009 WL 3096293, at *1; *compare* Hospital Obj. at 3–5, 9 (challenging the relevance and admissibility of witness Celia

Villacres's testimony), *with* Hospital Reply at 5 n.6 (same), *and id*. at 9 n.11 (same). Another argument is raised here for the first time. Hospital Obj. at 6 (asserting that evidence of Plaintiff's disproportionate workload in 2017 is irrelevant to Plaintiff's 2015 discrimination allegation because the two are too temporally distant). Because the Hospital could have raised this argument below—but did not do so—the Court declines to exercise its discretion to hear it now. *See Amadasu v. Ngati*, No. 05-CV-2585 (RRM)(LB), 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012) (noting that reviewing arguments for the first time on review of an R&R "would negate efficiencies gained through the Magistrates Act and would permit litigants to change tactics after the issuance of an R&R.").

The only objections to this finding that were "timely and specific," *Parks*, 2017 WL 3016946, at *3, were the Hospital's objections to the Report's treatment of countervailing evidence. *See* Hospital Obj. at 3 (criticizing the Report for considering certain statements of witness Celia Villacres but not considering other contradictory statements); *id*. at 5–6 (objecting because the Report gave weight to a statement made by Hospital employee Leo Bodden that supported Plaintiff's claim without considering a subsequent statement that allegedly supported Defendant's claim). The Court will review these objections de novo. *Alam*, 2009 WL 3096293, at *1.

To defeat a motion for summary judgment on a claim of discrimination, a plaintiff is required to produce "sufficient evidence to support a rational finding that the legitimate nondiscriminatory reasons" for an adverse employment action "proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." *Weinstock v. Columbia Univ*., 224 F.3d 33, 42 (2d Cir. 2000) (internal quotation marks omitted) (alterations adopted). Here, Plaintiff has presented such evidence. Hospital employee

and former Union representative Celia Villacres testified that Plaintiff's supervisor preferred employees of Caribbean descent to Russian employees and that Plaintiff had a higher workload than his Caribbean counterparts for this reason. *See* Villacres Tr., 82–87, 100–01 (Dkt. 151 Exhibit 10). The Hospital correctly points out that the record contains some evidence to the contrary. *See* Dkt. 162 Exhibit 5 (indicating that operating room staff like Plaintiff typically have higher workloads than non-operating room staff). However, "[i]t is important to reiterate that plaintiff need not prove at this early stage that [Defendant's] explanation was a mere pretext; rather, he need only present the court with some evidence which places the issue into factual dispute." *Hnat v. Chicago Pneumatic Toll Co., Inc.*, No. 91-CV-563, 1992 WL 345075, at *8 (N.D.N.Y. Nov. 16, 1992). Because a reasonable fact finder could find that it was more likely than not that Plaintiff's workload was increased for discriminatory reasons, the Court agrees with Judge Aaron's conclusion that summary judgment is not warranted on this claim.

### III. Plaintiff's Claims Race and National Origin-Based Discrimination under Federal and State Law, Based Upon the Hospital's Failure to Promote Him

The Report recommends that summary judgment be granted, by contrast, on Plaintiff's federal and state law claims of race and national origin discrimination based on the Hospital's failure to promote him. Rpt. at 32–39. Judge Aaron concluded that Plaintiff has not established that the Hospital's legitimate, non-discriminatory reasons for not promoting Plaintiff were pretextual. *Id*. Plaintiff objects to this finding, arguing that Judge Aaron erred in applying the "so superior" standard to his claims for failure to promote. Pl. Obj. at 9–10. Because this objection is "timely and specific," the Court will renew this finding de novo. *Parks*, 2017 WL 3016946, at *3.

The Court finds no error in Judge Aaron's determination here. It is "only [when] 'a plaintiff seeks to prevent summary judgment [solely] on the strength of a discrepancy in

qualifications' that she is required to show that 'her qualifications were so superior.'" *Collins v. Cohen Pontani Lieberman & Pavane*, No. 04-CV-8983 (KMW)(MHD), 2008 WL 2971668, at *12 n.37 (S.D.N.Y. July 31, 2008) (quoting *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001)) (alterations in original). Plaintiff here claims that the Hospital's failure to promote him was discriminatory not only because he "was qualified for the position" and "more experienced than the ultimately successful applicant in the critical area of biomedicine," but also because the Hospital failed to even interview him for the position despite those qualifications. Pl. Obj. at 11 (emphasis omitted). He asserts that Judge Aaron was accordingly precluded from applying the "so superior" standard in this case.

The Court disagrees. In those cases in which the courts in this Circuit have declined to apply the "so superior" standard, the plaintiff has produced additional evidence of discrimination unrelated to his qualifications for the job. *See, e.g.*, *Chavis v. Wal-Mart Stores, Inc., et al.*, 265 F. Supp. 3d 391, 402, 405 (S.D.N.Y. 2017) ("Chavis does not rely solely on the alleged discrepancy in qualifications to raise an inference of discriminatory animus. Rather, she points to instances of allegedly discriminatory scrutiny and comments by her supervisors—one of whom . . . was the . . . hiring manager—following her notifying her supervisors about her inability to work on Sundays due to religious observance"); *Ellis v. Century 21 Dep't Stores*, 975 F. Supp. 2d 244, 253 (E.D.N.Y. 2013) (when asked why he had denied Plaintiff the promotion, Defendant told Plaintiff "you are young, you have young children. It's a lot of hours. You don't want the position. You are the mom."). In contrast, Plaintiff has presented no evidence that he was denied either the promotion or the interview for any reason other than his qualifications. For this reason, the Court agrees with Judge Aaron's application of the "so superior" standard here. And because the record does not reflect that Plaintiff's qualifications were "so superior" to the

person the Hospital ultimately hired, *see* Dkt. 126 at ¶¶ 14, 40, summary judgment is appropriate with respect to this claim.[2]

### IV. Plaintiff's Other Claims of Race and National Origin-Based Discrimination under Federal and State Law

The Report also recommends that summary judgment be granted on Plaintiff's federal and state claims of race and national origin discrimination for failure to pay a bonus, delay of vacation, and denial of a training opportunity because none of these incidents are actionable. Rpt. at 40–41. No party has objected to this finding, so the Court will review it for clear error.

To be actionable, an adverse employment action must be "materially adverse," meaning "a change in working conditions . . . 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal citations omitted). It was not clear error for Judge Aaron to have concluded that denying Plaintiff a $1,000 bonus, delaying approval of his vacation leave, and refusing him permission to attend a training do not meet this standard. Summary judgment is thus warranted on this claim, and Judge Aaron's finding here was not clearly erroneous.

### V. Plaintiff's Claims of Retaliation under Federal and State Law

The Report recommends that the Court deny summary judgment on Plaintiff's claims of retaliation under Title VII, Section 1981, and NYSHRL. Rpt. at 41–44. Specifically, the Report finds that the record presents a genuine issue of material fact based on three alleged incidents of retaliation: (1) increased workload, *id*. at 43, (2) denial of promotion, *id*. at 42–43, and (3)

---

[2] Plaintiff also asserts that "[a]n arbitrary or vague interview process is evidence of discrimination." Pl. Obj. at 10 (citing *Evans v. Port Authority of New York and New Jersey, et al.*, 192 F. Supp. 247, 271 (S.D.N.Y. 2002)). To the extent that this argument can be construed as an independent objection, because Plaintiff failed to raise it below, the Court declines to exercise its discretion to entertain it now. *See Amadasu*, 2012 WL 3930386, at *5.

8

issuance of written discipline, *id*. at 44.  Defendant Hospital has filed a host of objections, challenging Judge Aaron's findings as to each specific incident.  *See* Hospital Obj. at 3–12.  Because at least some of these objections are "timely and specific," the Court will review de novo this portion of the Report.  *Parks*, 2017 WL 3016946, at *3.

      The Court agrees with Judge Aaron's determination that summary judgment is inappropriate on this claim.  Claims of retaliation under Title VII and NYSHRL follow the same burden-shifting framework as discrimination claims.  *See Sumner v. United States Postal Service*, 899 F.2d 203, 209 (2d Cir. 1990) (Title VII); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) (NYSHRL).  To state a prima facie claim of retaliation, "a plaintiff must present evidence that shows '(1) participation in a protected activity; (2) that [his employer] knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015) (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)).  A Plaintiff can show causation through temporal proximity between the protected activity and the adverse employment action.  *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir. 2001).  Here, Plaintiff has presented evidence that within one month of his initial complaint of discrimination, his workload increased.  Rpt. at 42.  Within four months of his initial complaint, he was issued a written reprimand for a disciplinary infraction.  *Id*. at 20–21.  Within three months of renewing his discrimination allegation, he was denied an interview for a position for which he was qualified.  *Id*. at 13.  This is sufficient to make a prima facie showing of retaliation.  Defendant Hospital has not yet proffered a legitimate, non-discriminatory reason for this alleged retaliation.  *See generally* Hospital MSJ at 22–24

9

(focusing its retaliation argument entirely on the issue of Plaintiff's prima facie case). The Court thus agrees with Judge Aaron's conclusion that summary judgment is not proper on this claim.

## VI. Plaintiff's Claims of Race and National Origin-Based Discrimination and Retaliation under City Law

The Report further recommends that summary judgment be denied on Plaintiff's NYCHRL claims, specifically his claims that (1) he experienced race and national origin discrimination and (2) the Hospital retaliated against him for reporting this discrimination. No party raises a specific objection to this finding, so the Court will review for clear error.

For an NYCHRL claim to survive a summary judgment motion, "the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 100 n. 8 (2d Cir. 2013). An employer is entitled to summary judgment "only if the record establishes as a matter of law that 'discrimination play[ed] *no* role' in its actions." *Id.* (emphasis and alteration in original). The Hospital has not made this showing for any of Plaintiff's race and national origin-based claims of discrimination and retaliation under New York City law. Accordingly, summary judgment is not appropriate on this claim, and Judge Aaron's finding was not clearly erroneous.

## VII. Plaintiff's Claims Against 1199

Finally, the Report recommends that the Court grant summary judgment on Plaintiff's claims against 1199 because "Plaintiff has made no showing that 1199 actually participated in any discrimination or retaliation by the Hospital against Plaintiff." Rpt. at 48. "For NYCHRL aiding-and-abetting claims, a plaintiff must show that the defendant 'actually participate[d] in the conduct giving rise to [the underlying claim].'" *Butts v. New York City Dep't of Educ.*, No. 16-CV-05504 (NGG) (RML), 2018 WL 4725263, at *16 (E.D.N.Y. Sept. 28, 2018) (citing *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004)) (alteration in original). Plaintiff objects to

Judge Aaron's finding here, asserting that by failing to act on Plaintiff's behalf during the grievance process, 1199 "actually participated" the Hospital's discrimination. Pl. Obj. at 13–16. As this objection was the focus of Plaintiff's underlying opposition brief, Pl. Opp. at 50–51, and was addressed by Judge Aaron, Rpt. at 46–48, the Court will review this finding for clear error.

In a case with nearly identical facts, the Eastern District recently held in *Butts v. New York City Department of Education* that a union representative's failure to file a grievance on behalf of a union-member did not constitute not active participation in discrimination. *See* 2018 WL 4725263, at *17. Plaintiff asserts that *Butts* is inapposite because in that case, the defendant was allegedly unaware of ongoing discrimination, while here, Plaintiff "made the Union aware that he was making complaints directly to the Hospital of ongoing discrimination." Pl. Obj. at 14. Yet in *Butts*, the court presented the knowledge issue and the active participation issue as two independently sufficient grounds on which to grant summary judgment. *Butts* 2018 WL 4725263, at *17. And although Plaintiff is correct that this court held that failure to act qualified as active participation in *Morgan v. New York State Attorney General's Office*, No. 11 Civ. 9389 (PKC)(JLC), 2013 WL 491525, at *13 (S.D.N.Y. Feb. 8, 2013), that holding arose in the context of an employer's failure to act in response to the misdeed of its employee, a context wholly different than that here. *Morgan* thus does not control. Accordingly, the Court finds no grounds on which to conclude that 1199 participated in any alleged discrimination against Plaintiff and concludes that there was no error—clear or otherwise—in Judge Aaron's recommendation that the Court grant summary judgment in full to Defendant 1199.[3]

---

[3] Because the Court grants 1199's motion for summary judgment in full, it need not consider its objection based on LMRA Preemption. 1199 Obj. at 2–5.

11

## CONCLUSION

Accordingly, the Court adopts Judge Aaron's recommendation in full. It is hereby:

ORDERED that Defendant Hospital's motion for summary judgment is granted in part and denied in part, and Defendant 1199's motion for summary judgment is granted in full. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 118 and 124.

IT IS FURTHER ORDERED that a telephonic status conference will be held in the above-captioned action on October 9, 2020 at 3:30 pm. In light of the COVID-19 crisis, the Court will hold this conference by telephone. The parties shall use the dial-in information provided below to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. This conference line is open to the public.

SO ORDERED.

Dated:   September 29, 2020
         New York, New York

                                            Ronnie Abrams
                                            United States District Judge